UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Thomas Supranovich,

        Plaintiff

v.

Brian Williams, et al.,

        Defendants

Case No.: 2:20-cv-0466-JAD-NJK

**Order Dismissing Case**

    Plaintiff Thomas Supranovich brings this civil-rights case under § 1983 for events he alleges occurred during his incarceration at High Desert State Prison.[1] On June 2, 2021, I granted Supranovich leave to file an amended complaint by July 2, 2021.[2] I expressly warned him that his failure to timely comply with the order would result in the dismissal of this case.[3] The deadline has passed, and Supranovich has not filed an amended complaint.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to

---

[1] ECF No. 1-1.

[2] ECF No. 3.

[3] *Id.*

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

      I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal. Further, this factor is mitigated because § 1915 requires that, before docketing a complaint filed by an inmate, I must identify and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[8] I dismissed Supranovich's complaint because he failed to plead a cognizable claim upon which relief could be granted.[9] A court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[10] Supranovich was warned that his case would be dismissed with prejudice if he failed to file an amended complaint by July 2, 2021.[11] So, Supranovich had

---

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *See* 28 U.S.C. 1915A.

[9] ECF No. 3.

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[11] ECF No. 3.

adequate warning that his failure to file an amended complaint by the deadline would result in this case's dismissal.

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 1] is GRANTED**. Plaintiff need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended, even though this case is being dismissed. To ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must forward payments from the account of THOMAS SUPRANOVICH, # 1150544** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND copies of this order to the Finance Division of the Clerk's Office <u>and</u> to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that **this action is DISMISSED** without prejudice based on Supranovich's failure to file an amended complaint in compliance with this court's June 2, 2021, order; and

**The Clerk of Court is directed to** FILE the complaint (ECF No. 1-1), ENTER JUDGMENT accordingly, and CLOSE THIS CASE.

The Court further **certifies** that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" as contemplated by 28 U.S.C. § 1915(a)(3).

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 14, 2021

3